UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KURT FRANCE, MARC BRANNIGAN,

    Plaintiffs,

vs.          Case No. 2:08-cv-381-FtM-29SPC

RIVIERA-HOMES FOR AMERICA HOLDINGS,
LLC a Florida limited liability
company;

    Defendant.
_____

**OPINION AND ORDER**

   This matter comes before the Court on defendant Riviera-Homes for America Holdings, LLC's Motion to Vacate and Set Aside Default and Amended Final Judgment and Certificate of Good Faith (Doc. #26) filed on July 7, 2009. Plaintiffs filed a Response (Doc. #39) on August 26, 2009. For the reasons stated below, the motion will be granted.

**I.**

  On May 14, 2008, plaintiffs filed a Complaint (Doc. #1) for violation of the Interstate Land Sales Full Disclosure Act and various state law claims against Riviera-Homes for America Holdings, LLC (Riviera), a Florida limited liability company; the two individual owners or officers or shareholders of Riviera residing in New York; and a local law firm. The law firm was subsequently voluntarily dismissed and the two individual owners

were dismissed for failure to execute service of process in a timely fashion. (Docs. #11, #21.)

Riviera was properly served by personal service on Kevin G. Coleman (Coleman), then its registered agent[1], on June 2, 2008, in Naples, Florida (Doc. #15-2). Riviera's policy and procedure called for all lawsuit and legal papers to be sent to Daniel G. Hayes, manager of Riviera in the Yonkers, New York office, for review and action. Coleman forwarded the summons and Complaint in this case to Hayes in the Yonkers office by Federal Express, and the Federal Express package was signed for by a Riviera receptionist in the Yonkers office. The receptionist did not deliver the Federal Express package to Hayes.

Finding no response to the summons and Complaint within the allotted time, plaintiffs moved for and were granted a default against defendant Riviera. (Doc. #17.) A Clerk's Entry of Default (Doc. #18) was entered on November 25, 2008. On December 11, 2008, plaintiffs sought a default judgment. On February 12, 2009, the request was granted and the Clerk was directed to enter judgment in favor of plaintiffs in the amount of $121,200.00, including pre-

---

[1]Coleman signed a Resignation of Registered Agent for a Limited Liability Company (Doc. #39-3), which was filed with the Secretary of State in Tallahassee, Florida on September 9, 2008. On September 23, 2008, the Florida Department of State notified Riviera that a new registered agent was required. (Doc. #39-4.) A Certificate of Administrative Dissolution (Doc. #39-2) was issued dissolving Riviera as of December 9, 2008, for failure to designate and maintain a registered agent. Riviera was reinstated on or after April 15, 2009, upon Robert M. Kohn of Fort Myers, Florida becoming the registered agent. (Doc. #39-5.)

judgment interest. (Doc. #21.) A Judgment (Doc. #23) was entered on February 27, 2009, and an Amended Judgment (Doc. #25) was entered on May 5, 2009, to include attorney's fees in the amount of $9,201.50, and costs in the amount of $395.00. The case was closed.

Hayes did not learn of the case until June 11, 2009. (doc. #26-3, ¶ 5.) Upon investigating the matter, he discovered the service of process and the failure of the internal procedure as described above. Defendant Riviera now seeks to set aside the default and the judgments.

## II.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Excusable neglect is a more rigorous standard than good cause. EEOC v. Mike Smith Pontiac GMC Inc., 896 F.2d 524, 528 (11th Cir. 1990). Because there is a strong policy of determining cases on their merits, defaults are viewed with disfavor. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). Nevertheless, a court may not set aside a default and default judgment simply because it believes the case should be decided on the merits. African Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1203 (11th Cir. 1999).

Riviera seeks to set aside the default judgments for fraud upon the court pursuant to Rule 60(b)(3), excusable neglect

pursuant to Rule 60(b)(1), and any other reason under Rule 60(b)(6). (Doc. #26, p. 2.)

**A. Fraud on the Court**

Riviera seeks to set aside the default judgments because plaintiffs twice committed fraud upon the court. First, Riviera asserts that the entire action was predicated upon a Purchase Agreement for Unit 2204 of the condominium complex, when the parties actually agreed in a subsequent Purchase Agreement that plaintiffs would purchase Unit 0605. Riviera states:

> Plaintiffs' affirmative misrepresentation of the operative agreement between the parties and the condominium unit to which their deposit related, together with their non-disclosure of the binding settlement reached between the parties (which Plaintiffs elected not to honor), fundamentally interfered with the ability of this Court to make an informed decision regarding the merits of Plaintiffs' claim, caused the Court to enter the Judgments based on false information, and prevented Riviera from fully and fairly presenting its case or defense.

(Doc. #26, § 4.) Second, Riviera asserts that after the original default judgment had been entered, plaintiff's counsel made a "patently false" certification that he had contacted Registered Agent Coleman in a good faith effort to resolve a motion for attorney fees and they were unable to resolve the motion. Riviera points out that Coleman had not been its registered agent since his resignation on September 9, 2008. (Doc. #26, pp. 4-5.)

The applicable principles under Rule 60(b)(3) were set forth in <u>Rozier v. Ford Motor Co.</u>:

> One who asserts that an adverse party has obtained a verdict through fraud, misrepresentation or other misconduct has the burden of proving the assertion by clear and convincing evidence. [ ] The conduct complained of must be such as prevented the losing party from fully and fairly presenting his case or defense. . . . This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect.

Rozier v. Ford Motor Co., 573 F.2d 1332, 1339 (5th Cir. 1978)(citations omitted). Neither instance satisfies the fraud on the court principles summarized above.

**B. Lack of Notice**

Defendant also asserts that the judgments should be set aside because plaintiffs improperly addressed critical mailings to Riviera, thereby depriving it of an opportunity to address certain issues. Specifically, defendant asserts that the following documents were improperly addressed to the former registered agent (Coleman) either in Naples, Florida or Yonkers, New York: (a) a November 18, 2008 Plaintiffs' Notice of Filing Original Affidavit of Service; (b) a December 11, 2009 Plaintiffs' Motion for Judgment After Default; and (c) a February 26, 2009 Plaintiffs' Verified Motion for Attorney's Fees and Costs and Incorporated Memorandum of Law. All these documents were mailed to "Riviera-Homes for America Holdings, LLC, Kevin G. Coleman, Registered Agent" at either the Naples law office of Mr. Coleman or the Yonkers headquarters of Riviera. Citing Florida state case law, Riviera contends it was entitled to notice notwithstanding its default. (Doc. #26, pp. 5-7.)

The procedure for both entering and setting aside a default and a default judgment is governed by federal law, specifically Federal Rule of Civil Procedure 55. Ward, 185 F.3d at 1202. State procedural law does not apply.

The first issue is whether Riviera was entitled to notice under federal law after a default was properly entered. "No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). If a party has not appeared personally or by a representative, that party is not entitled to the three day notice provided in Fed. R. Civ. P. 55(b)(2). "The appearance required by the rule has been broadly defined, and not limited to a formal court appearance." Charlton L. Davis & Co., P.C. v. Fedder Data Center, Inc., 556 F.2d 308, 309 (5th Cir. 1977)(requiring notice because plaintiff knew from phone conversations and correspondence that defendant had a clear purpose to defend the suit). Here, the uncontradicted affidavit of George Alexandar Paliatsos states that he had conversations with plaintiffs' attorney before the lawsuit was filed stating that Riviera disputed the claims, that he was the contact person, and that all communications about the dispute should be through him. The affidavit states he received no further information or communication. The Court concludes that this is sufficient to require notice being served upon Riviera.

While these notices were addressed to a former registered agent, each was also mailed to Robert M. Kohn and Robert A. MacFarlane at the Yonkers, New York business address of Riviera. Thus, the Court concludes that service was made pursuant to Fed. R. Civ. P. 5(b)(2)(C). Accordingly, there was no lack of notice as to the three papers at issue.

**C. Excusable Neglect**

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." In re Worldwide Web Sys., Inc., 328 F.2d at 1295 (quotations and citations omitted). The Court concludes that all three requirements have been satisfied.

A moving party cannot satisfy the burden of showing a meritorious defense simply by asserting a general denial, but must make an affirmative showing of a defense that is likely to be successful. Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986). Here, Riviera has asserted, and plaintiffs have not contested, that the contract sued upon was not the operative agreement, and that in settlement of that agreement the parties executed a separate contract two years later for a separate condominium unit to be purchased by plaintiffs. Riviera therefore has a strong defense to the causes

of actions set forth in the Complaint. While plaintiffs assert there are no meaningful differences between the two agreements, this may or may not be the case and may or may not impact the causes of action. In any event, plaintiffs have caused the Court to enter a judgment on their behalf on claims which are clearly not well taken as currently pled.

Prejudice need not be particularly pronounced to be considered. In re Worldwide Web Sys., Inc., 328 F.3d at 1297-98. The Court finds no prejudice to plaintiffs if the judgments are set aside, since the judgments relate to a purchase agreement they have essentially conceded was not the operative agreement.

The good cause for failing to reply to the properly served complaint is alleged to be the negligence of a company employee in failing to forward the summons and Complaint to the appropriate person within the company pursuant to established company procedures. A failure to establish minimum procedural safeguards is not excusable neglect. Gibbs v. Air Canada, 810 F.2d 1529, 1537 (11th Cir. 1987). The Court finds, however, that employee negligence in failing to comply with established procedures is sufficient to establish the good cause required to set aside a judgment and to set aside the default.

**D. Other Reasons Under Rule 60(b)(6)**

Riviera also seeks to set aside the judgments under Rule 60(b)(6). Relief under this rule is available only upon a showing of exceptional or extraordinary circumstances. SEC v. Simmons, 241

Fed. Appx. 660, 662 (11th Cir. 2007), cert. denied, 128 S. Ct. 1092 (2008). The Court finds that obtaining a judgment based upon the wrong contract is a sufficiently exceptional circumstance to warrant setting aside the judgments.

Accordingly, it is now

**ORDERED:**

1. Defendant Riviera-Homes for America Holdings, LLC's Motion to Vacate and Set Aside default and Amended Final Judgment and Certificate of Good Faith (Doc. #26) is **GRANTED**.

2. The Clerk's Entry of Default (Doc. #18), the Order (Doc. #21) granting a default judgment, the Judgment (Doc. #23) entered on February 27, 2009, and the Amended Judgment (Doc. #25) entered on May 5, 2009 are hereby **vacated**. The Clerk shall so note on the docket that these documents have been vacated.

3. The Clerk shall **reopen** the case and file defendant's Answer and Affirmative Defenses (Doc. #26-5) on the docket in response to the Complaint. The Clerk is further directed to forward a copy of the Interested Persons Order for Civil Cases to counsel for defendant for completion and filing of a Certificate of Interested Persons and Corporate Disclosure Statement.

4. The parties shall meet and confer for the filing of a Case Management Report within **TWENTY (20) DAYS** of this Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of October, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record